United States District Court
Southern District of Texas
**ENTERED**
March 06, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JOSE ESTRADA-CARRIZALES, § | |
| Petitioner, § | |
| § | Case No. 1:16-cv-266 |
| v. § | (Criminal Case No. 1:15-cr-00854-1) |
| § | |
| UNITED STATES OF AMERICA, § | |
| Respondent. § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION[1]

Before the Court is Petitioner Jose Estrada-Carrizales's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal (hereinafter, Estrada-Carrizales's "§ 2255 Motion" or "Motion"). Dkt. No. 1. The Court is also in receipt of the Government's response. Dkt. No. 25.[2] For the reasons stated herein, it is recommended that Estrada-Carrizales's § 2255 Motion be **DISMISSED**. Additionally, it is recommended that the Court decline to issue a certificate of appealability.

### I. Jurisdiction

This Court has jurisdiction over Estrada-Carrizales's Motion pursuant to 28

---

[1] The Court initially issued a Report and Recommendation ("R&R") on December 16, 2016, recommending dismissal of Estrada-Carrizales's § 2255 Motion because his appeal was still pending before the United States Court of Appeals for the Fifth Circuit. Dkt. No. 10. The R&R became moot when the Fifth Circuit subsequently dismissed Estrada-Carrizales's appeal. Cr. Dkt. No. 33.

[2] While the Government's submission is titled "Response to Movant's §2255 Motion and Motion to Dismiss," this appears to be a misnomer as the Government also refers to its filing as a "Motion for Summary Judgment" and does not provide a legal standard section to address either type of motion. Dkt. No. 25 at 5. Therefore, the Court has construed the Government's filing as a response.

U.S.C. § 1331 and § 2255.

## II. Background and Procedural History

On November 5, 2015, Estrada-Carrizales pleaded guilty to being an alien unlawfully found in the United States after deportation, having previously been convicted of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(1). *United States of America v. Jose Estrada-Carrizales*, No. 1:15-cr-0854-1, Cr. Dkt. No. 24 at 1.[3] On February 10, 2016, United States District Judge Rolando Olvera sentenced Estrada-Carrizales to 48 months of imprisonment and a three-year term of supervised release. *Id*. at 1-3. Estrada-Carrizales filed a notice of appeal on February 12, 2016. Cr. Dkt. No. 21.

Estrada-Carrizales filed the instant § 2255 Motion on October 4, 2016. Dkt. No. 1. Because Estrada-Carrizales's appeal was still pending before the United States Court of Appeals for the Fifth Circuit, the Court ordered Estrada-Carrizales to show cause as to why his Motion should not be dismissed for lack of jurisdiction. Dkt. No. 6. On December 12, 2016, the undersigned concluded that Estrada-Carrizales had not shown why his § 2255 Motion should not be dismissed for lack of jurisdiction, and recommended that the Motion be dismissed. Dkt. No. 10. The Fifth Circuit subsequently dismissed Estrada-Carrizales's appeal as frivolous on January 4, 2017. Cr. Dkt. No. 33. With the judgment in Estrada-Carrizales's criminal case now final, the Court ordered the Government to respond to the claims

---

[3] Hereinafter, Estrada-Carrizales's criminal case docket entries ("Cr. Dkt. Nos.") will be referred to only by their docket entry numbers.

raised in Estrada-Carrizales's § 2255 Motion. Dkt. No. 15. The Government complied on March 27, 2017. Dkt. No. 24. Estrada-Carrizales responded on May 1, 2017. Dkt. No. 26. Estrada-Carrizales's trial counsel, Hector Casas, responded to the § 2255 Motion's claims of ineffective assistance of counsel by affidavit on November 9, 2017. Dkt. No. 34. Estrada-Carrizales received a copy of the affidavit on November 17, 2017. Dkt. No. 36.

### III. Legal Standards

**A. 28 U.S.C. § 2255.**

Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside or correct his sentence if (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The nature of a § 2255 collateral challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If an error is not of constitutional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

**B. Ineffective Assistance of Counsel.**

The "Sixth Amendment guarantees a[ll] defendant[s] the right to have

counsel present at all 'critical' stages of the criminal proceedings" instituted against them. *Missouri v. Frye*, 566 U.S. 134, 140 (2012) (citing *Montejo v. Louisiana*, 556 U.S. 778, 786 (2009)). Critical stages include not only trial, but also pretrial proceedings—including the plea-bargaining process. *Laffler v. Cooper*, 566 U.S. 156, (2012); *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010); *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). Even though sentencing does not concern the defendant's guilt or innocence, ineffective assistance of counsel during a sentencing hearing is also constitutionally impermissible. *Laffler*, 566 U.S. at 165.

In *Strickland v. Washington*, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a defendant must show both: 1) that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and 2) "the deficient performance prejudiced the defense," and shows "errors so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." 466 U.S. 668, 687 (1984). Courts need not address both inquiries if the defendant does not sufficiently support one prong, nor must the court address the test in the same order. *Id.* at 697. Under this standard, the defendant must show that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *Id.* at 687. As it is easy to second-guess counsel's performance after a conviction or adverse sentence, a fair assessment of performance requires reconstructing the circumstances of counsel's conduct from their perspective at the time rather than look towards the "distorting effects of hindsight." *Id.* at 689. As such, counsel is

strongly presumed to have performed adequately, and made decisions using reasonable professional judgment. *Id.* at 690. Finally, the sufficiency of counsel's representation may be determined, and indeed substantially influenced, by the defendant's own statements and actions. *Id.* at 691.

Because a convicted defendant must satisfy both prongs of the *Strickland* test, a failure to establish either deficient performance or actual prejudice under that test will ordinarily make it unnecessary to examine the other prong. *Strickland*, 466 U.S. at 700; *Ransom v. Johnson*, 126 F.3d at 716, 721 (5th Cir. 1997); *United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995). Therefore, failure to establish that counsel's alleged performance fell below an objective standard of reasonableness renders moot the issue of prejudice. *See United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990); *Thomas v. Lynaugh*, 812 F.2d 225, 229-30 (5th Cir. 1987). It is also generally unnecessary to consider whether counsel's performance was deficient where there is an insufficient showing of prejudice. *See Black v. Collins*, 962 F.2d at 401; *Martin v. McCotter*, 796 F.2d 813, 821 (5th Cir. 1986).

## IV. Discussion

Estrada-Carrizales argues that he is entitled to relief because (1) his sentence was illegally enhanced via a "residual clause" declared unconstitutionally vague by the Supreme Court in *Johnson v. United States*, and (2) his counsel was ineffective. Dkt. No. 1 at 4-5.

### A. Estrada-Carrizales's *Johnson* Claim

In *Johnson*, the Supreme Court reviewed a lower court's application of 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"), to petitioner Samuel James Johnson's sentence. *Johnson*, 135 S. Ct. 2551, 2555. The ACCA requires federal courts to impose a minimum fifteen-year term of imprisonment for repeat offenders who are convicted of unlawfully possessing a firearm under 18 U.S.C. § 992(g). 18 U.S.C. § 924(e). In relevant part, the ACCA states:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years[.]

18 U.S.C. § 924(e)(1).

The ACCA provides six definitions for the term "violent felony." 18 U.S.C. § 924(e)(2)(B)(i)-(ii). A violent felony is any crime that: (1) "has as an element the use, attempted use, or threatened use of physical force against another person;" (2) constitutes burglary; (3) constitutes arson; (4) constitutes extortion; (5) involves the use of explosives; or (6) "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* "Courts have coined the first definition the 'force clause'; and the sixth definition, the 'residual clause.'" *United States v. Curry*, No. CR 10-111, 2015 WL 8478192, at *1 (E.D. La. Dec. 10, 2015) (citing *United States v. Davis*, 487 F.3d 282, 285 (5th Cir. 2007)). The *Johnson* Court held that the residual clause of the ACCA was unconstitutionally vague, and that imposing an increased sentence under the residual clause is a violation of due

process. *See Johnson*, 135 S. Ct. 2551, 2557 ("[T]he residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges. Increasing a defendant's sentence under the clause denies due process of law."). On April 18, 2016, in *Welch v. United States*, the Supreme Court held that the rule in *Johnson* is retroactively applicable. *Welch*, 136 S. Ct. 1257, 1268.

Here, however, Estrada-Carrizales was not sentenced pursuant to a residual clause. In its presentence investigation report ("PSR"), applying the 2015 United States Sentencing Guidelines, the United States Probation Officer ("USPO") assessed Estrada-Carrizales with a base offense level of 8. Cr. Dkt. No. 14 at 4. Next, the USPO applied U.S.S.G. §2L1.2(b)(1)(A)(ii), which provides as follows for defendants convicted of unlawfully entering or remaining in the United States: "if the defendant previously was deported, or unlawfully remained in the United States, after . . . a crime of violence . . . increase by 16 levels if the conviction receives criminal history points under Chapter four or by 12 levels if the conviction does not receive criminal history points." U.S.S.G. §2L1.2(b)(1)(A)(ii). The USPO relied on this provision to assess a 16-level increase, citing Estrada-Carrizales's prior "felony crime of violence of Domestic Assault With a Dangerous Weapon" in an Oklahoma state court. Cr. Dkt. No. 14 at 4. The commentary to §2L1.2 defines a crime of violence as "any of the following offenses federal, state, or local law: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses . . . statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state,

or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. §2L1.2(b)(1)(A)(ii), cmt. (1)(B)(iii).

Estrada-Carrizales's argument is that he was sentenced pursuant to the final clause in this definition of crime of violence, and the clause is unconstitutionally vague, just as the Supreme Court held the ACCA's residual clause to be in *Johnson*. Dkt. No. 2 at 5. He maintains that his Oklahoma conviction for domestic assault with a dangerous weapon is not a crime of violence, and that under the void for vagueness doctrine invoked in *Johnson*, "anyone who has been enhanced under 2L1.2(b)(1)(A) [of the Sentencing Guidelines] are and have been illegally enhanced." *Id.* at 7. He "seeks to have his 'Sentence Recalculated' on the grounds of a 'New Rule of Constitutional Law." *Id.* at 8.

This argument fails because the felony for which Estrada-Carrizales's sentence was enhanced, domestic assault with a dangerous weapon, is one of the specifically enumerated offenses provided in the crime of violence definition— aggravated assault. Cr. Dkt. No. 14 at 4; U.S.S.G. §2L1.2(b)(1)(A)(ii), cmt. (1)(B)(iii); *see United States v. Jeffries*, 822 F.3d 192, 194 (5th Cir. 2016) (holding petition was not sentenced under a sentencing guidelines residual clause where his prior conviction, aggravated assault with a deadly weapon, was one of the enumerated offenses in the "crime of violence" definition). "The generic contemporary definition of 'aggravated assault' is an assault that is aggravated by either of two traditional factors, namely 'serious' bodily injury or the use of a deadly

weapon." *United States v. Padilla-Loera*, 559 Fed. Appx. 410, 411 (5th Cir. 2014). The Oklahoma statute under which Estrada-Carrizales was convicted prohibits the commission of an assault or battery with a "sharp or dangerous weapon." 21 Okl. St. 644(D)(1). "[U]nder Oklahoma law, '[a] dangerous weapon is one likely to produce death or great bodily injury by the use made of it.'" *Padilla-Loera*, 559 Fed. Appx. at 412 (citing *Wilcox v. State*, 166 P. 74, 75 (Okla. Crim. App. 1917). The Fifth Circuit has also declined to recognize "a distinction between a dangerous weapon and a deadly one." *Id.* Therefore, Estrada-Carrizales's prior conviction for domestic assault with a dangerous weapon fell into the crime of violence definition's enumerated offense of aggravated assault. What Estrada-Carrizales deems the "residual clause" was never implicated, and his *Johnson* claim lacks merit.

Even if Estrada-Carrizales had been sentenced pursuant to the residual clause, his *Johnson* challenge to the sentencing guidelines is precluded by the Supreme Court's more recent decision in *Beckles v. United States*. There, the Supreme Court addressed a *Johnson* challenge to 4B1.2(a)(2) of the 2012 United States Sentencing Guidelines; specifically, whether the guidelines' definition of "crime of violence" and accompanying residual clause could be collaterally attacked for their similarity to the unconstitutionally vague residual clause in the ACCA. *Beckles v. United States*, 137 S. Ct. 886, 890 (2017). The Supreme Court distinguished the advisory United States Sentencing Guidelines from the statutory ACCA, reasoning that:

> Unlike the ACCA . . . the Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause.

*Id.* at 892. The sentencing guidelines do not "implicate the twin concerns underlying [the] vagueness doctrine—providing notice and preventing arbitrary enforcement." *Id.* at 894. Courts have since applied *Beckles* to reject vagueness challenges to sentencing guidelines provisions. *United States v. Zuniga*, 860 F.3d 276, 284 (5th Cir. 2017); *De La Cruz-Tellez v. United States*, 2017 WL 3621780, at *1 (N.D. Tex. July 19, 2017); *United States v. Sosa-Uraga*, No. 2:16-219, 2017 WL 3605235, at *3 (S.D. Tex. Aug. 22, 2017). The Court has previously rejected a *Johnson* challenge to a 16-level enhancement for a "crime of violence" conviction under the sentencing guidelines. *Gonzalez-Contreras v. United States*, No. 1:16-CV-142, 2017 WL 6033157 (S.D. Tex. Oct. 26, 2017). So too here, Estrada-Carrizales's claim would fail even if the residual clause were applicable.

Estrada-Carrizales's reliance on Fifth Circuit precedent is also unavailing. In the primary case he cites, *Miranda-Ortegon v. United States*, the Fifth Circuit held a district court erred in applying a 16-level enhancement to the defendant's offense level on the basis of an Oklahoma conviction for domestic assault and battery, because the conviction was not a "crime of violence" under the sentencing guidelines. 670 F.3d 661, 662 (5th Cir. 2012). There, the court looked exclusively at the Oklahoma offense of "domestic assault and battery," noting that under Oklahoma state courts' interpretation of the underlying elements of the offense—

entailing even "the slightest touching"—a "battery" need not have been a crime of violence. *Id.* at 663. Here, by contrast, the conviction used to enhance Estrada-Carrizales's sentence included additional elements, most notably the use of a sharp or dangerous weapon. 21 Okl. St. 644(D)(1). As discussed above, enhancing a sentence for this offense was consistent with the guidelines' enumerated definitions for "crime of violence," which include "aggravated assault." Second, while Estrada-Carrizales cites to *United States v. Gonzalez-Longoria* for the proposition that the "crime of violence" definition is unconstitutionally vague, the Fifth Circuit upheld the relevant statutory definition's validity as applied to the petitioner when the case was reheard en banc. 831 F.3d 670, 674. Moreover, the Fifth Circuit has since acknowledged that *Beckles* forecloses *Johnson* claims against provisions of the sentencing guidelines. *United States v. Zuniga*, 860 F.3d 276, 284 (5th Cir. 2017). Because Estrada-Carrizales's *Johnson* claim lacks merit, it should be dismissed.

### B. Estrada-Carrizales' Ineffective Assistance of Counsel Claims

The second half of Estrada-Carrizales's § 2255 Motion argues that his trial counsel, Hector Casas, was unconstitutionally ineffective. Dkt. No. 2 at 8. Estrada-Carrizales lists a number of alleged deficiencies with Casas' representation, coalescing around three contentions: (1) that Casas never informed him he was subject to a 16-level enhancement in his sentencing guideline calculation, instead misleading him about the possible imprisonment time he faced and failing to provide him with a copy of the presentence investigation report so he could object to the enhancement, (2) that Casas did not provide him with a copy of the indictment

in Spanish, and that his unfamiliarity with the English language ultimately led him to accept a harmful plea he did not fully understand, and (3) that Casas coerced him into accepting a guilty plea. Id. at 8-10; Dkt. No. 26 at 2-3. As discussed below, each claim is belied by the record.

### 1. *Sentencing*

Estrada-Carrizales alleges that Casas "never discussed with the Petitioner the fact that the Petitioner was going to be subjected to a 16 Level Enhancement Increase." Dkt. No. 2 at 9. Estrada-Carrizales claims that, instead, Casas was derelict in his duties by "deceiving the Petitioner into believing that he would receive a lesser sentence than he actually received, in the amount differentiation of 40 Months extra." *Id.* at 10. Further, Estrada-Carrizales claims he could not object to the enhancement assessed in the PSR because Casas never provided him with a copy. *Id.* at 9-10.

Casas states that he met with Estrada-Carrizales on September 25, 2016, to provide him with a sentencing range estimate document and show Estrada-Carrizales how he had calculated that estimate. Dkt. No. 34 at 3. Casas further asserts that the sentencing guidelines range calculated in the PSR was the "exact same range" he had predicted to Estrada-Carrizales. *Id.* at 4. Both documents have been made part of the record by Casas. The PSR explained that the applicable guideline range was in "Zone D of the Sentencing Table," consisting of a recommended range of imprisonment from 46 to 57 months. *Id.* at 53. The estimate provided to Estrada-Carrizales, with Casas's written notations, indeed

begins with 8 as a base offense level, and then circles an offense level falling in "Zone D" of the Sentencing Table, underlining months of imprisonment ranging from 41 to 78. Dkt. No. 34-1 at 45. Further, during his rearraignment hearing, Estrada-Carrizales stated to the Court that he understood the sentence to be ultimately imposed on him "may be different" from any estimate given to him by Casas. Cr. Dkt. No. 28 at 13-14. Estrada-Carrizales's contentions that Casas never discussed the possibility of a 16-level increase to his offense level, or that Casas promised Estrada-Carrizales he would receive a sentence of 40 months less than what he ultimately received, are both belied by the record, and he has not shown that Casas's conduct fell below an objective standard of reasonableness.

Estrada-Carrizales also alleges that he never received a copy of the PSR in order to object to the 16-level enhancement. Casas states that he received the PSR on December 22, 2015, and disclosed it to Estrada-Carrizales on December 24, 2015. Dkt. No. 34 at 3. Casas states that he provided a copy of the PSR and read it to Estrada-Carrizales in Spanish. *Id*. at 5. As supporting documentation, Casas provided his written request for an attorney-client visitation with Estrada-Carrizales, dated December 24, 2017, with a handwritten notation that he was to disclose the PSR. Dkt. No. 34-1 at 51. Casas also attached a travel record showing he visited with Estrada-Carrizales at the Willacy County Detention Center the same day, with the "purpose of travel" box listing "disclose PSR." *Id*. at 52. Despite receiving a copy on November 17, 2017, Estrada-Carrizales has not responded to Casas's affidavit or addressed whether the PSR was disclosed to him during the

December 24 visitation. Dkt. No. 36.

Even assuming Casas's conduct had been deficient, however, Estrada-Carrizales does not indicate how he was prejudiced. While Estrada-Carrizales points to his inability to object to the 16-level enhancement, the enhancement was for a "crime of violence," and as discussed above, Estrada-Carrizales's conviction for domestic assault with a dangerous weapon falls squarely into this category. He implies he should never have been found guilty of the Oklahoma offense, but does not point to any existing evidence which would have precluded the Court from enhancing the sentence pursuant to the sentencing guidelines. *United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013) ("Rebuttal evidence [regarding accuracy of a PSR] must consist of more than a defendant's objection; it requires a demonstration that the information is 'materially untrue, inaccurate or unreliable.'") (citation omitted). Thus, he has not demonstrated prejudice, and his ineffective assistance of counsel claims relating to sentencing do not entitle him to relief.

### 2. Indictment

Estrada-Carrizales also asserts that he never received a copy of the indictment in Spanish, and the full indictment was never explained to him. Dkt. No. 26 at 3. He contends that he was "duped into accepting a plea that was harmful" due to his unfamiliarity with the English language. *Id.* at 2. These claims are also belied by the record.

During Estrada-Carrizales's rearraignment hearing, he stated under oath

that he had received a copy of the indictment, and that he had fully discussed the charges against him with his attorney. Cr. Dkt. No. 28 at 8. He stated he was able to understand the documents he had signed. *Id.* Estrada-Carrizales listened as the Government read the indictment, stated he understood it, and expressed his wish to plead guilty. *Id.* at 16-17. The hearing was conducted with the services of an interpreter. *Id.* at 3. "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 75 (1977). As such, "[r]eviewing courts give great weight to the defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 283-284 (5th Cir.). Estrada-Carrizales has shown no reason why his sworn statements during the plea colloquy should be discredited now. Assisted by an interpreter, he made clear that he had reviewed and understood the indictment; his claim to the contrary fails.

### 3. Plea

Finally, Estrada-Carrizales argues that he was coerced by Casas into pleading guilty and surrendering his appellate rights, and that any waiver of the right to collaterally attack his sentence was a "conflict of interest." Dkt. No. 2 at 10. He also asserts Casas told him that if he did not plead guilty, he would be charged with additional offenses, and that Casas told him he could not tell the Court he did not understand the proceedings because the Court would give him a longer sentence. *Id.* at 9.

Estrada-Carrizales entered a "cold plea"—there was no plea agreement in his case. Cr. Dkt. No. 26 at 5. Estrada-Carrizales never waived his right to appeal the sentence imposed or file a § 2255 motion, and in fact, has done both. Therefore, Casas did not coerce him into giving up his appellate rights, and no "conflict of interest" ever arose between the guilty plea and Casas' representation of Estrada-Carrizales.

Further, any contention that Casas "coerced" Estrada-Carrizales into pleading guilty is belied by the record. At his rearraignment hearing, Estrada-Carrizales stated under oath that no one had threatened him or was attempting "in any way" to force him to plead guilty. Cr. Dkt. No. 28 at 9. He testified that no one had made any promises or assurances of any kind to convince him to plead guilty. *Id.* He stated that no one had threatened him or attempted to force him in any way to persuade him to plead guilty. *Id.* at 10. Rather, he stated that he was pleading guilty voluntarily and of his free will because he was guilty, and for no other reason. *Id.* While Estrada-Carrizales now claims that Casas said he could not tell the Court he did not understand its questions because the Court would give him a longer sentence, or the Government would supersede the indictment, these conclusory assertions are insufficient to rebut the presumption of veracity given to his sworn statements during the plea colloquy. Estrada-Carrizales has pointed to no evidence which could support these assertions. Therefore, he has not shown ineffective assistance of counsel, and his final claim against Casas fails.

## V. Evidentiary Hearing

In the instant case, the record is adequate to dispose fairly of Estrada-Carrizales's claims. "When the files and records of a case make manifest the lack of merit of a Section 2255 claim, the trial court is not required to hold an evidentiary hearing." *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981). As such, an evidentiary hearing is unnecessary. *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990).

## VI. Certificate of Appealability

A certificate of appealability shall not issue unless the movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted). Stated differently, where claims have been dismissed on the merits, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that

jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case because Estrada-Carrizales has not made a substantial showing of the denial of a constitutional right.

## VII. Recommendation

It is recommended that Estrada-Carrizales's § 2255 Motion be **DISMISSED** with prejudice. Additionally, it is recommended that the Court decline to issue a certificate of appealability. It is further recommended that the Clerk of the Court be directed to close this case.

## VIII. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415

(5th Cir. 1996).

    Signed on this 6th of March, 2018.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**